IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | **COMPLAINT** |
| LEGACY HEALTH SERVICES, Defendant. | ) ) ) ) | **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race (African American) and retaliation for opposing discriminatory employment practices, and to provide appropriate relief to Michelle Abercrombie who was adversely affected by such practices. As alleged with greater particularity in paragraphs 7 and 8 below, Defendant Legacy Health Services, discriminated against Michelle Abercrombie when it subjected her to a racially hostile work environment because of her race, African-American. The Commission further alleges that after Ms. Abercrombie complained of racial harassment Defendant retaliated against her by increasing her workload, scrutinizing her breaks and threatening her employment, all of which lead to her constructive discharge on October 12, 2006. Ms. Abercrombie suffered back pay losses and sustained emotional distress as a result of the harassment, retaliation and discharge.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f) (1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Ohio

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3)of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Legacy Health Services (the "Employer"), has continuously been doing business in the State of Ohio and the City of Cleveland Heights, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## **STATEMENT OF CLAIMS**

6. More than thirty days prior to the institution of this lawsuit, Michelle Abercrombie filed a charge with the Commission alleging violations of Title VII by Defendant Employer Legacy Health Services. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least July 2006, Defendant Employer Legacy Health Services has engaged in unlawful employment practices at its Cedarwood Plaza facility in Cleveland Heights, Ohio, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-(a), by subjecting Ms. Abercrombie to a hostile work environment because of her race, African-American. These unlawful practices include, but are not limited to, the following:

(a) On or about June 28, 2004, Ms. Abercrombie began her employment with Defendant as an Activities Assistant at the Cedarwood Plaza facility. During her employment Michelle Abercrombie performed her job in a satisfactory manner and received favorable performance reviews.

(b) Since in or about September 2004, Ms. Abercrombie reported directly to Defendant's Activities Directory, Dorothy Phillips, a white female.

(c) Since July 2006, Dorothy Phillips made racially derogatory comments and remarks while in Michelle Abercrombie's presence. Ms. Phillips referred to Defendant's African-American employees as "niggers," and remarked that black people were lazy.

(d) In addition to referring to the African-American employees as "niggers," Ms. Phillips also commented that she hated working with "them," referring to the African-American employees, and "niggers" got on her nerves.

(e) Michelle Abercrombie confronted Dorothy Phillips about her derogatory comments and insisted that she refrain from making such offensive remarks.

(f) After Ms. Abercrombie objected to Ms. Phillip's derogatory comments she began to experience a change in her work environment.

8. Since at least January 2006, Defendant Employer has engaged in unlawful employment practices at its Cedarwood Plaza facility in Cleveland Heights, Ohio, in violation of Section 704 (a) of Title VII, 42 U.S.C. § 2000e-3(a), by discriminating against Michelle Abercrombie based on retaliation. The unlawful employment practices included the following:

(a) Beginning in or about January 2006, and continuing up and until her constructive discharge, Michelle Abercrombie engaged in protected activity by complaining to Defendant's Administrator and other officers that Dorothy Phillips used racially derogatory comments and terms to refer to Defendant's African-American employees.

(b) Shortly after confronting Ms. Philips about her discriminatory remarks and complaining to Defendant about the racial harassment, Michelle Abercrombie's work terms and conditions drastically changed.

(c) After Ms. Abercrombie complained of the harassment, Ms. Phillips retaliated against her by increasing her workload, scrutinizing her breaks and threatening her with termination.

(d) Ms. Abercrombie could no longer withstand Dorothy Phillips' adverse employment actions and, as a result, was constructively discharged on or about October 12, 2006.

9. The effect of the practice(s) complained of in paragraphs 7-8 above has been to deprive Michelle Abercrombie of equal employment opportunities and otherwise adversely affect her status as an employee, because of her race and/or retaliation.

10. The unlawful employment practices complained of in paragraphs 7-8 above were intentional.

11. The unlawful employment practices complained of in paragraphs 7-8 above were done with malice or with reckless indifference to the federally protected rights of Michelle Abercrombie.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in harassment and retaliation and any other employment practice which discriminates on the basis of race.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-American, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Michelle Abercrombie, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Michelle Abercrombie, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-8 above, including job search expenses and loss benefits, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Michelle Abercrombie by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7-8 above, including emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

  F. Order Defendant Employer to pay Michelle Abercrombie punitive damages for its malicious and reckless conduct described in paragraphs 7-8 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

    Respectfully submitted,

    RONALD S. COOPER
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel

    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
    PHILADELPHIA DISTRICT OFFICE

    */s/ Jacqueline H. McNair*
    JACQUELINE H. MCNAIR
    Regional Attorney

    */s/ Terrence R. Cook*
    TERRENCE R. COOK
    Supervisory Trial Attorney

    */s/ Dawn M. Edge*
    DAWN M. EDGE
    Trial Attorney

    U.S. EEOC, Philadelphia District Office
    801 Market Street
    Penthouse, Suite 1300
    Philadelphia, PA 19107-3127
    (215) 440-2687(direct)
    (215) 440-2848(fax)
    Dawn.Edge@eeoc.gov